FILED
2010 FEB -9 AM 11:49
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES AVERY CRAFTSMAN, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CA-0925-XR |
| | § | |
| PRASHANT GURNANI d/b/a ORO GRANDE; GOLD COIN, INC.; SANJAY RUPANI; RENU KISHIN RUPANI; MARICRUZ ANFIELD, and GIANNI DELORO, LLC, | § | |
| Defendants. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

This is an action for copyright infringement. Plaintiff, James Avery Craftsman, Inc., files this Second Amended Complaint seeking injunctive relief and damages from Prashant Gurnani d/b/a Oro Grande ("Gurnani"); Gold Coin, Inc. ("Gold Coin"), Sanjay Rupani, Renu Kishin Rupani, Maricruz Anfield, and Gianni Deloro, LLC (collectively, "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the matter in question arises under the laws of the United States, namely the Copyright Act (17 U.S.C. § 101 *et seq.*), and pursuant to 28 U.S.C. § 1338(a) because the matter in question concerns copyright claims arising under an Act of Congress, namely the Copyright Act (17 U.S.C. § 101 *et seq.*).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because at least one of the defendants resides in this judicial district and all of the defendants reside in the state of

Texas, and because a substantial part of the events giving rise to James Avery Craftsman's claim occurred in this judicial district.

**THE PARTIES**

3. James Avery Craftsman is a Texas corporation with its principal place of business in Kerrville, Texas.

4. Defendant Gurnani is an individual who operates a business under the name Oro Grande at 12280 Hwy 16 South, San Antonio, Texas, and the website located at www.orogrande.biz. Gurnani is doing business in this judicial district. Gurnani has been served with process and has filed his Answer in this action.

5. Defendant Gold Coin is a Texas corporation with its principal place of business at 502 Convent Street, Laredo, Texas 78040. Upon information and belief, Gold Coin is acting in concert and active participation with Gurnani in committing the wrongful acts alleged herein. Gold Coin is doing business in this judicial district. Gold Coin has been served with process and has filed its Answer in this action.

6. Defendant Sanjay Rupani is an individual who, upon information and belief, resides at 205 Redwood Circle, Laredo, Texas 78041. Upon information and belief, Sanjay Rupani is acting in concert and active participation with Gurnani in committing the wrongful acts alleged herein. Sanjay Rupani is doing business in this judicial district. Mr. Rupani has been served with process and has filed his Answer in this action.

7. Defendant Renu Kishin Rupani is an individual who, upon information and belief, resides at 205 Redwood Circle, Laredo, Texas 78041. Upon information and belief, Renu Kishin Rupani is acting in concert and active participation with Gurnani in committing the wrongful acts

alleged herein. Renu Kishin Rupani is doing business in this judicial district. Ms. Rupani has been served with process and has filed her Answer in this action.

8. Defendant Maricruz Anfield is an individual who, upon information and belief, resides at 4523 Rothberger Way, San Antonio, Texas 78244. Upon information and belief, Maricruz Anfield is acting in concert and active participation with Gurnani in committing the wrongful acts alleged herein. Maricruz Anfield has been served with process and has filed her Answer in this action.

9. Defendant Gianni Deloro, LLC is a California limited liability corporation with a principal place of business at 635 S. Hill St., Suite 508, Los Angeles, California 90014. Upon information and belief, Gianni Deloro, LLC is acting in concert and active participation with Gurnani in committing the wrongful acts alleged herein. Gianni Deloro, LLC is doing business in this judicial district and may be served with process by serving its registered agent, Zaven Dedeian, at Gianni Deloro, LLC's principal place of business or wherever he may be found.

**FACTUAL BACKGROUND**

10. James Avery Craftsman, a Texas corporation, is and for many years has been involved in the business of creating, designing, manufacturing, marketing and selling original copyrightable designs which are used in sculptures such as jewelry.

11. The designs created by James Avery Craftsman, by and through its employees, have been produced through the expenditure of considerable labor, skill and judgment on the part of James Avery Craftsman, and such designs contain original design and are copyrightable subject matter under the laws of the United States.

12. James Avery Craftsman has complied in all respects with Title 17 of the United States Code, and all other laws governing copyrights, and thereby has secured the exclusive rights and privileges in and to the copyrights of numerous designs and has received from the Register of Copyrights of the United States Copyright Office numerous Certificates of Copyright Registrations, covering its original designs. In particular, James Avery Craftsman has obtained Copyright Registrations for the following designs:

| Name | Certificate of Copyright Registration No. | Date |
|---|---|---|
| Mariposa Pendant (CM-1862-14) | VA 1-639-006 | March 17, 2008 |
| Mariposa Ring (R-596-14) | VA 10-402 | March 15, 1979 |
| Adorned Angel (C-871) | VA 758-751 | November 24, 1995 |
| Lapin Butterfly (CM-1120) | VA 445 824 | May 23, 1990 |
| Rose of Texas (CM-826) | VA 125-011 | April 21, 1983 |
| Floral Butterfly Pendant (CM-1504) | VA 1-078-919 | February 28, 2000 |
| Regal Heart Pendant (C-868) | VA 761-071 | November 24, 1995 |
| Serenity Cross (C-380) | VA 48-108 | April 10, 1980 |
| French Heart Ring (R-1339) | VA 1-153-882 | May 7, 2002 |
| Spring Butterfly Charm (C-360) | Gp 120794<br>RE 884-513 | April 9, 1975<br>September 19, 2003 |
| Four Seasons Ear Posts (EP-982) | VA 344-755 | April 11, 1989 |
| Jemez Tribal Ring (R-1198) | VA 629-700 | February 14, 1994 |
| Texas Charm (CM-186) | VA 39-702 | December 10, 1979 |
| Floating Butterfly Pendant (CM-1821) | VA 1-398-042 | February 5, 2007 |
| Mother's Love Ring (R-1305) | VA 1-055-295 | March 2, 2000 |
| Mother's Love Pin (P-911) | VA 855-189 | May 19, 1997 |
| Tree of Promise Pendant (CM-1896) | Pending | Pending |
| Four Seasons Pendant (CM-679) | VA 86-478 | November 9, 1981 |

| | | |
|---|---|---|
| Olympia Butterfly Pin (P-728) | VA 359-006 | July 14, 1989 |
| Resurrection Pendant (C-1082) | VA 1-245-865 | October 17, 2003 |
| Basketball and Hoop Charm (CM-1352) | VA 941-872 | September 1, 1998 |
| Windmill Charm (CM-295) | VA 44-099 | February 19, 1980 |
| Floral Belt and Buckle Ring (R-1403) | VA 1-664-091 | December 10, 2007 |
| Heart Knot Ear Posts (EP 1354) | VA 1-033-774 | August 16, 2000 |
| Sand Dollar Charm (C233S and C-233) | VA 20-935<br>RE 927-648 | March 15, 1979<br>July 5, 2005 |
| "Love Is" Charm (CM-240) | VA 25-423 | May 24, 1979 |
| Bearing Love (C-859) | VA 686-789 | April 3, 1995 |
| Infinite Love Ring (R-1290) | VA 968-357 | February 18, 1999 |
| Hummingbird in Circle (CM-391B) | VA 48-102 | April 10, 1980 |

Copies of such Certificates of Copyright, along with a photograph of the designs covered by such registrations, are attached hereto as Exhibits A - CC and are incorporated herein by reference (collectively referred to as the "Copyrighted Designs"). The referenced Certificates of Copyrights are valid and enforceable, and all rights, title and interest in and to them belong solely to James Avery Craftsman.

13. In accordance with § 401 of Title 17 of the United States Code and the federal laws governing copyrights, James Avery Craftsman has sold and published jewelry that incorporates the copyright-protected designs.

14. Upon information and belief, Defendants are engaged in a business enterprise in which original James Avery Craftsman jewelry is used to create infringing copies of jewelry, which is then sold to the public. It is believed that Defendants acquire original James Avery Craftsman jewelry and then make or have made molds from that jewelry. Defendants then use

the molds to cast copies of the James Avery Craftsman jewelry designs. Defendants then sell the infringing copies to the public for profit through various retail outlets.

15. Defendants Gurnani, Gold Coin, Sanjay Rupani and Renu Kishin Rupani lease and operate several flea market booths under the name Oro Grande, located in the Poteet Flea Market, at 12280 Highway 16 South, San Antonio, Texas. Among the items sold by Defendants Gurnani, Gold Coin, Sanjay Rupani and Renu Kishin Rupani at the flea market booths are infringing copies of James Avery Craftsman jewelry, consisting of jewelry that incorporates the Copyrighted Designs and other original pieces of James Avery Craftsman jewelry (collectively, the "Infringing Jewelry"). Photographs showing a display case of jewelry being offered for sale at the flea market booths are attached hereto as Exhibit DD and are incorporated herein by reference. These display cases contain many pieces of Infringing Jewelry.

16. On November 21, 2009, pursuant to the Court's Order on Application for Temporary Restraining Order (Doc. 8), over 900 pieces of Infringing Jewelry were seized from Defendants' flea market booths at the Poteet Flea Market. A copy of the Seized Property and Evidence Control Log from such seizure is attached hereto as Exhibit EE and incorporated herein by reference.

17. Upon information and belief, Defendants Gurnani, Gold Coin, Sanjay Rupani, Renu Kishin Rupani, and Gianni Deloro, LLC manufacture and/or distribute the Infringing Jewelry so that it can be sold at the flea market booths. It is believed that Defendants Gurnani, Gold Coin, Sanjay Rupani, Renu Kishin Rupani and Gianni Deloro, LLC either (i) themselves manufacture the Infringing Jewelry and then sell such jewelry through the flea market booths and

other retail outlets, or (ii) obtain from some other source the Infringing Jewelry and then resell such jewelry through the flea market booths and other retail outlets.

18. Upon information and belief, Defendants Gurnani and Maricruz Anfield, among others, supplies Defendants Gurnani, Gold Coin, Sanjay Rupani, Renu Kishin Rupani and Gianni Deloro, LLC (and/or some other the manufacturer and/or distributor), with original or copies of original James Avery Craftsman jewelry with the specific intent that such jewelry be used to create molds for the Infringing Jewelry. Once created, the Infringing Jewelry molds are then used to cast and create the Infringing Jewelry, which is then distributed for sale through Oro Grande, the flea market booths and other retail outlets.

19. As part of their business enterprise, Defendants have made numerous copies of James Avery Craftsman's Copyrighted Designs and other original James Avery Craftsman jewelry (collectively, the "JAC Original Works") and are selling and distributing such jewelry to the public. For example, the following is an accurate side by side comparison of James Avery Craftsman's Mariposa Pendant (CM-1862-14) and a picture of a piece being infringed and offered for sale by Defendants:





20. Likewise, the following is a side by side comparison of James Avery Craftsman's Mariposa Ring (R-596-14), along with a picture of an infringing jewelry being infringed and offered for sale by Defendants:






21. The following is an accurate side by side comparison of James Avery Craftsman's Adorned Angel Charm (C-871), along with a picture of an infringing jewelry being infringed and offered for sale by Defendants:






22. The following is an accurate side by side comparison of James Avery Craftsman's Lapin Butterfly (CM-1120), along with a picture of an infringing jewelry being infringed and offered for sale by Defendants:





23. The following is an accurate side by side comparison of the James Avery Craftsman's Rose of Texas (CM-826), along with a picture of an infringing jewelry being infringed and offered for sale by Defendants:





24. The following is an accurate side by side comparison of James Avery Craftsman's Bold Lovers Knot (R-1388), along with a picture of an infringing jewelry being infringed and offered for sale by Defendants:






25. Defendants' copying, production, distribution, sale and display of the JAC Original Works was without permission, license, consent or other authorization of James Avery Craftsman. Upon information and belief, Defendants' actions were intentional, willful, deliberate and malicious.

**CAUSE OF ACTION I**

**Copyright Infringement, 17 U.S.C. § 501**

26. James Avery Craftsman incorporates by reference paragraphs 1 through 25 as if set forth fully herein.

27. The JAC Original Works are original works of authorship of James Avery Craftsman. James Avery Craftsman is the lawful owner and holder of the Federal Copyright Registrations identified in paragraph 12 above with respect to these original designs.

28. Defendants' copying of the JAC Original Works was unauthorized, intentional and malicious. Defendants' production, distribution, sale and display of the Infringing Jewelry infringed James Avery Craftsman's copyrights.

29. Defendants' willful and unauthorized copying of the JAC Original Works, and production, distribution, sale and display of the Infringing Jewelry has resulted in wrongful profits to Defendants, the full extent of which is as yet undetermined, and losses to James Avery Craftsman, the full extent of which is as yet undetermined.

30. By reason of Defendants' willful infringement of the JAC Original Works, Defendants have also diminished the value of James Avery Craftsman's goodwill and reputation resulting in monetary damage and irreparable injury to James Avery Craftsman.

31. By reason of Defendants' willful infringement of the JAC Original Works, Defendants have irreparably injured James Avery Craftsman's right in its designs and unless enjoined by this Court, will continue to do so.

32. Accordingly, James Avery Craftsman seeks (i) a permanent injunction against Defendants prohibiting and enjoining them from copying, producing, distributing, selling or

displaying materials that infringe James Avery Craftsman's copyright; (ii) judgment against Defendants for all damages available under statutory and common law, including James Avery Craftsman's actual damages, a disgorgement of Defendants' profits attributable to the infringement, and the value of the damage to James Avery Craftsman's goodwill and reputation; (iii) its costs and attorneys fees; (iv) prejudgment and post-judgment interest; and (v) any other relief this Court deems just, equitable and proper.

**CAUSE OF ACTION II**

**Contributory Copyright Infringement**

33. James Avery Craftsman incorporates by reference paragraphs 1 through 32 as if set forth fully herein.

34. The JAC Original Works are original works of authorship of James Avery Craftsman. James Avery Craftsman is the lawful owner and holder of the Federal Copyright Registrations identified in paragraph 12 above with respect to these original designs.

35. The copying, production, distribution, sale and display of the JAC Original Works was unauthorized, intentional and malicious, and infringed James Avery Craftsman's copyrights.

36. Defendants knew or should have known of the infringing activity.

37. Defendants induced, caused, and materially contributed to the infringing activity.

38. Defendants' willful and unauthorized copying, production, distribution, sale and display of the Infringing Jewelry has resulted in wrongful profits to Defendants, the full extent of which is as yet undetermined, and losses to James Avery Craftsman, the full extent of which is as yet undetermined.

39. By reason of Defendants' willful infringement of the JAC Original Works, Defendants have also diminished the value of James Avery Craftsman's goodwill and reputation resulting in monetary damage and irreparable injury to James Avery Craftsman.

40. By reason of Defendants' willful infringement of the JAC Original Works, Defendants have irreparably injured James Avery Craftsman's right in its designs and unless enjoined by this Court, will continue to do so.

41. Accordingly, James Avery Craftsman seeks (i) a permanent injunction against Defendants prohibiting and enjoining them from copying, producing, distributing, selling or displaying materials that infringe James Avery Craftsman's copyright; (ii) judgment against Defendants for all damages available under statutory and common law, including James Avery Craftsman's actual damages, a disgorgement of Defendants' profits attributable to the infringement, and the value of the damage to James Avery Craftsman's goodwill and reputation; (iii) its costs and attorneys fees; (iv) prejudgment and post-judgment interest; and (v) any other relief this Court deems just, equitable and proper.

**CAUSE OF ACTION III**

**Vicarious Copyright Infringement**

42. James Avery Craftsman incorporates by reference paragraphs 1 through 41 as if set forth fully herein.

43. The JAC Original Works are original works of authorship of James Avery Craftsman. James Avery Craftsman is the lawful owner and holder of the Federal Copyright Registrations identified in paragraph 12 above with respect to these original designs.

44. The copying, production, distribution, sale and display of the JAC Original Works was unauthorized, intentional and malicious, and infringed James Avery Craftsman's copyrights.

45. As a result of their business enterprise, each Defendant profited from or had a financial interest in the infringing activities of each of the other Defendants.

46. As a result of their business enterprise, each Defendant had the right and ability to supervise or control the infringing activities of the other Defendants.

47. Defendants' willful and unauthorized copying, production, distribution, sale and display of the Infringing Jewelry has resulted in wrongful profits to Defendants, the full extent of which is as yet undetermined, and losses to James Avery Craftsman, the full extent of which is as yet undetermined.

48. By reason of Defendants' willful infringement of the JAC Original Works, Defendants have also diminished the value of James Avery Craftsman's goodwill and reputation resulting in monetary damage and irreparable injury to James Avery Craftsman.

49. By reason of Defendants' willful infringement of the JAC Original Works, Defendants have irreparably injured James Avery Craftsman's right in its designs and unless enjoined by this Court, will continue to do so.

50. Accordingly, James Avery Craftsman seeks (i) a permanent injunction against Defendants prohibiting and enjoining them from copying, producing, distributing, selling or displaying materials that infringe James Avery Craftsman's copyright; (ii) judgment against Defendants for all damages available under statutory and common law, including James Avery Craftsman's actual damages, a disgorgement of Defendants' profits attributable to the infringement, and the value of the damage to James Avery Craftsman's goodwill and reputation;

(iii) its costs and attorneys fees; (iv) prejudgment and post-judgment interest; and (v) any other relief this Court deems just, equitable and proper.

## JURY DEMAND

51. James Avery Craftsman hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Avery Craftsman, Inc. prays that judgment be entered in its favor and against Defendants for direct copyright infringement, contributory copyright infringement, and contributory copyright infringement, and that the Court order as follows:

A. That Defendants, and all agents or persons and entities in active concert or participation with them, be permanently enjoined from producing, utilizing, copying, reproducing, distributing, selling or displaying materials which infringe any of James Avery Craftsman's original and copyrighted designs;

B. That James Avery Craftsman be awarded its actual damages sustained as a result of Defendants' copyright infringement;

C. James Avery Craftsman be awarded statutory damages against Defendants pursuant to 17 U.S.C. § 504(c)(1) up to a total amount of $30,000 per infringement, and that the Court increase the amount of statutory damages up to a sum of $150,000 per infringement pursuant to 17 U.S.C. § 504(c)(2);

D. That Defendants be required to account for and to disgorge all profits obtained as a result of Defendants' copyright infringement;

E. That James Avery Craftsman be awarded the value of the damage to its goodwill and reputation sustained as a result of Defendants' copyright infringement;

F. That James Avery Craftsman be awarded its costs and attorneys' fees incurred in bringing this action;

G. That Defendants be ordered to pay James Avery Craftsman prejudgment and post-judgment interest; and

H. That James Avery Craftsman be granted such other and further legal and equitable relief against Defendants as the Court deems appropriate.

Dated: February 9, 2010

Respectfully submitted,

COX SMITH MATTHEWS INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Phone)
(210) 226-8395 (Fax)

By: ______________________
J. Daniel Harkins
State Bar No. 09008990
Meagan M. Gillette
State Bar No. 24050659

*Attorneys for Plaintiff James Avery Craftsman, Inc.*

**Certificate of Service**

I hereby certify that a copy of the foregoing document was filed with the clerk of court on February 9, 2010, served on the added party pursuant to the Federal Rules of Civil Procedure, and served on the following counsel on February 9, 2010:

Thomas E. Sisson
William Bradford Nash
JACKSON WALKER L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205

***Via hand delivery***

Alonzo Ramos
LAW OFFICE OF ALONZO RAMOS
1004 E. Hillside Rd.
Laredo, Texas 78040

***Via certified mail, rrr***

Dennis L. Moreno
LAW OFFICE OF DENNIS L. MORENO
Lincoln Center, Suite 535
7800 IH-10 West
San Antonio, Texas 78230

***Via certified mail, rrr***

______________________
Meagan M. Gillette